■ MAST PROPERTY INVESTORS, INC., Respondent, v GAINES SERVICE LEASING CORP. et al., Appellants, et al., Defendant. [598 NYS2d 787] —Resettled judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered September 14, 1992, upon a verdict, *inter alia,* awarding plaintiff damages of $750,000 against defendants-appellants, unanimously affirmed, without costs.

Order, same court (Lewis R. Friedman, J.), entered on or about January 29, 1993, which denied nonparty Federal Deposit Insurance Corporation's (FDIC) motion pursuant to CPLR 5240, to prevent plaintiff from taking any steps toward enforcing the above judgment without its consent, unanimously reversed, on the law, the facts, and the exercise of discretion, and the motion is granted, without costs.

Contrary to defendants' assertions, the trial evidence clearly established that plaintiff borrowed $750,000 from the now defunct First Inter-County Bank of New York merely to accommodate defendants, to whom the entire loan proceeds were immediately disbursed. Although the parties had entered into a memorandum of understanding regarding the formation of a joint venture, it is clear that such was nothing more than an agreement to agree, and that plaintiff had not committed itself to any joint venture at the time it transferred the funds to defendants. Rather, consistent with the trial testimony, it is apparent that the funds were disbursed to defendants on the specific understanding that if plaintiff did not desire to enter into the joint venture, the proceeds would be treated as a loan

and entirely repaid by defendant Schwartz. The letter of indemnity executed by defendant Gaines Service Leasing Corp. after the loan proceeds were disbursed fully expressed the past consideration that had been given to Gaines Motorcycle Leasing Corp., and is therefore not to be denied effect as supported only by past consideration (General Obligations Law § 5-1105).

Since plaintiff has no beneficial interest in the proceeds of the judgment in its favor, and indeed does not dispute that any funds it collects should be paid over to nonparty FDIC, as receiver of First Inter-County Bank of New York, it was an abuse of discretion to deny FDIC's motion pursuant to CPLR 5240 seeking to prevent plaintiff from unilaterally enforcing the judgment. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Ross, JJ.